**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

CHARLES LEE BRANDON,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

CRIMINAL CASE NO. 07-CR-20551
CIVIL CASE NO. 12-CV-14294

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 51)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED**.

## II.    REPORT

### A.    Introduction

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington, is the above-entitled motion, which was filed pursuant to 28 U.S.C. § 2255, to vacate the federal custodial sentence of Charles Lee Brandon ("Brandon"). (Doc. 51.) The Court has not ordered the government to respond because it finds for the reasons explained below that Brandon's motion does not set forth grounds necessitating responsive arguments. Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), the motion is ready for Report and Recommendation without oral argument.

**B.     Background**

Brandon was charged in a six-count indictment with: distribution of less than 5 grams of a mixture containing cocaine base, commonly known as crack cocaine, on six different occasions during July and August, 2007, in violation of 21 U.S.C. § 841(a)(1) and (b)(1). (Doc. 3.) On January 31, 2008, a Notice of Penalty Enhancement was filed pursuant to 21 U.S.C. § 851, indicating that Brandon had been previously convicted of a felony drug offenses in Saginaw County, Michigan, in 2004 and 2005, and thus was subject to enhanced penalty provisions. (Doc. 15.)

On September 15, 2008, Brandon pleaded guilty to Count 6 of the indictment and Counts 1 through 5 were dismissed pursuant to the Rule 11 agreement. (Doc. 31.) In the agreement, the government recommended that Brandon be granted a reduction of three levels for acceptance of responsibility and it was noted that there were no sentencing guideline disputes and that the applicable guideline sentencing range was 262 to 327 months. (Doc. 31 at 3.) The guideline range included an enhanced criminal history category because Brandon was a career offender. (Doc. 31 at 14.) The "Appeal Waiver" provision stated that "[i]f the sentence imposed falls within the guideline range in Paragraph 2B, above, defendant waives any right to appeal his conviction. Defendant retains his right to directly appeal the Court's adverse determination of any disputed guideline issue that was raised at or before the sentencing hearing." (Doc. 31 at 7.)

On December 22, 2008, and after considering the 18 U.S.C. § 3553 factors, the Court sentenced Brandon to a prison term of 262 months. (Doc. 41 at 15.) On December 23, 2008, judgment was entered and Brandon was committed to the Bureau of Prisons for 262 months. (Doc. 37 at 2.)

Brandon appealed, arguing that applying the career offender enhancement provision yielded a sentence greater than necessary and that the district court abused its discretion in sentencing him to 262 months. (Doc. 50 at 2.) On January 9, 2012, the Sixth Circuit upheld the appellate waiver contained in the Rule 11 plea agreement, dismissed the appeal, and noted that even if it were "to entertain Brandon's claim on the merits, we would reject it" because the "district court gave adequate consideration to Brandon's argument and sound reasons for rejecting it." (Doc. 50 at 10.)

Brandon filed the instant motion to vacate his sentence on September 28, 2012. (Doc. 51.) In the motion, Brandon contends that trial counsel was ineffective because he "plead guilty on a default judgement of count six, in which had no sentence in the original indictment file Nov-14-2007. The element of count six were a de facto sentencing proceeding in which the document constitute de facto admission of guilt." (Doc. 51 at 4 (ground one).) Brandon also argues that the career offender enhancement was "erroneous and the adjustment of the guidelines yield[ed] a sentence . . . greater than necessary . . . in violation of the due process clause." (Doc. 51 at 5 (ground two).) Finally, Brandon contends that in "applying the 4B1.1 career offender enhancement, [the court] abuse[d] its discretion in sentencing Defendant to 262 months imprisonment." (Doc. 51 at 7 (ground three).)

    **C.    Analysis and Conclusions**

    **1.    Standards**

In order to prevail on a motion brought under 28 U.S.C. § 2255, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim that he failed

to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1981). A post-conviction motion under section 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id.* at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id.* at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

**2. Discussion**

I suggest that Brandon's first ground is unintelligible and that the indictment does not reveal any errors or anomalies supporting any challenge to it. (Doc. 3.) I further suggest that the remaining grounds two and three, which challenge the sentence, are replicas of the arguments made on appeal to the Sixth Circuit. Since the Sixth Circuit addressed Brandon's sentencing issues, I suggest that these claims are procedurally barred. "[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as

5

an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Brandon has alleged no such exceptional circumstances justifying further review, and the record reveals none.

Brandon does not raise the sentencing issues under the rubric of ineffective assistance of counsel; however, I suggest that, even if he had, where the appellate court has held that the errors alleged were harmless, any claims that an attorney was ineffective for failing to raise these same errors are also procedurally barred. *United States v. Ramirez*, 327 Fed. App'x 751, 752 (9th Cir. 2009) ("Because we held on direct appeal that any error . . . was harmless, Ramirez is barred from contending here that his attorney rendered ineffective assistance."). Stated differently, a movant "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, No. 3:01-CV-496, 3:97-CR-16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)). *Accord, Lossia v. United States*, No. 04-80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010).[1]

Furthermore, even if the claims were not procedurally barred, I suggest the result would be the same. Since the Sixth Circuit has held that the alleged errors were without merit, any failure on the part of counsel for not raising them could not have prejudiced Brandon as required under *Strickland*. *See Lockhart*, 506 U.S. at 369. Accordingly, I suggest that Brandon's section 2255 motion should be denied.

---

[1] *See also Hestle v. United States*, 426 Fed. App'x 366, 367 (6th Cir. 2011) (distinguishing *Clemons* because it involved a sufficiency of evidence claim and holding that "Hestle's failure to persuade the court of his *Batson* claim on direct appeal did not foreclose a motion to vacate for ineffective assistance in a § 2255 motion, because a finding of ineffective assistance could be consistent with our holding on direct appeal.").

To the extent that Brandon argues that he should not be considered a career offender because he was a low level offender, the Sixth Circuit has rejected claims that the "career offender guideline results in a punishment greater than necessary to punish a street-level offender," nor does the Sixth Circuit countenance arguments that "applying the career-offender guideline to low-level drug dealers serves no deterrence purpose, because other low-level drug dealers will emerge to take their place." *United States v. Vaughn*, 444 Fed. App'x 875, 882 (6th Cir. 2011).

Finally, Brandon could not establish prejudice in the context of his guilty plea, because he has not even argued that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed.2d 203 (1985). I therefore suggest that Brandon is unable to show prejudice and thus, that his motion should be denied.

### 3. Conclusion

I therefore suggest that Brandon has not alleged any claims that could support a finding that his trial counsel was ineffective, that he was prejudiced by any alleged ineffectiveness, or that the district court proceedings were fundamentally unfair or unreliable. As a result, I suggest that the § 2255 motion be denied in its entirety and this civil case be dismissed.

### E. Evidentiary Hearing

Section 2255 states that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an

7

evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 7787, 782 (6th Cir. 1999) (citation omitted). In addition, "the words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. Furthermore, since I suggest that Brandon cannot show prejudice from any alleged failures in his trial counsel's performance, the motion is one where "the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). I therefore suggest that Brandon is not entitled to a hearing on the allegations raised in his motion.

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also*

28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.

                              s/ Charles E Binder
                              CHARLES E. BINDER
Dated: October 2, 2012               United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Charles Lee Brandon #41876-039, Edgefield FCI, P.O. Box 725, Edgefield, SC 29824.

Date: October 2, 2012                By    s/Patricia T. Morris
                                                   Law Clerk to Magistrate Judge Binder