UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLES LEE BRANDON,

       Petitioner,                          Case No. 07-20551
                                                    Honorable Thomas L. Ludington

v.

UNITED STATES OF AMERICA,

       Respondent.
_____/

## ORDER OVERRULING PETITIONER'S OBJECTIONS
## AS UNTIMELY AND WITHOUT MERIT

Petitioner Charles Lee Brandon filed a habeas petition in this case claiming that his trial counsel was ineffective and that the career offender enhancement was "erroneous." On October 2, 2012, Magistrate Judge Charles E. Binder issued a report recommending that Petitioner's motion be denied. ECF No. 54. Petitioner did not file timely objections. The report was adopted by this Court and an Order and Judgment were entered on October 23, 2012. Petitioner responded two days later and indicated that he received the report late. The Court vacated its Order and Judgment and Petitioner was provided until November 16, 2012 to lodge his objections, but he didn't. Instead, Petitioner chose to file his objections on November 19, 2012.

This Court entered a second Order adopting the report and recommendation on November 20, 2012, noting that no objections had been filed. The Order and Judgment were docketed at 11:48 a.m. Although Petitioner's objections were received by the Clerk of the Court on November 19, 2012, they were not entered on the Court's docket until November 20 at 3:46 p.m. So while Petitioner's objections were filed before the order was entered, they did not appear on the docket before the order did. The objections were, however, untimely in any event.

Despite the fact that Petitioner's objections were untimely, they also lack merit. Petitioner's first objection concerns his claim that trial counsel was ineffective. He argues that "the Court must 'determine' whether in light of all the circumstances, the identified acts [of counsel] were outside the wide range of professionally competent assistance." Pet'r's Obj. 2. Petitioner believes that his counsel was ineffective because counsel failed to identify "the defect in Petitioner's Indictment and fail [sic] below the Standard at Strickland v. Washington." *Id*.

The familiar test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel — that a movant must show counsel's performance was objectively unreasonable, *id*. at 688, and that the movant was prejudiced as a result. *Id*.

Upon review of petitioner's claims, his counsel was not deficient. Petitioner has attached a copy of the indictment to his objections in which he circled the word "Indictment" without further explanation. He also underlines (b)(1)(C) in each Count, referring to 21 U.S.C. § 841(b)(1)(C). This portion of the statute refers to the sentencing court's authority to deliver sentences for violations of § 841, and it is not improper to be included in the indictment. As there is no apparent error in Petitioner's indictment, there can be no error for counsel to identify and remedy. Petitioner makes no additional argument that his counsel was ineffective, and the record supports none.

Petitioner next states that "The Magistrate argument of Petitioner being a Career offender is moot at this time and a [sic] answer is not required, because of the Defacto-Indictment and Petitioner gets a second Bite of the apple." Pet'r's Obj. 3. Petitioner is incorrect. If he meant to make objections to the magistrate's report, he was required to set them out clearly. 28 U.S.C. § 636 provides that "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1)(C).

- 3 -

"The statute does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Petitioner's objection concerning his counsel was late, and it is meritless. His objections are noted, but the order adopting the magistrate judge's report and recommendation, ECF No. 61, will stand.

Accordingly, it is **ORDERED** that Petitioner's objections are **OVERRULED** as untimely and without merit.


Dated: November 27, 2012                        s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and on Charles Lee Brandon #41876-039, Edgefield FCI, P.O. Box 725, Edgefield, SC 29824, on November 27, 2012.

                        s/Tracy A. Jacobs
                        TRACY A. JACOBS