UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 07-cr-20551

v                                          Honorable Thomas L. Ludington

CHARLES LEE BRANDON,

        Defendant.

_____/

**ORDER DENYING MOTION FOR SENTENCE REDUCTION**

Charles Lee Brandon is currently serving a 262-month sentence for possession with intent to distribute 5 grams or more of cocaine base. On June 24, 2015, Brandon filed a motion requesting a sentence reduction pursuant to 18 U.S.C. 3582(c)(2), based on the retroactive application of reduced drug sentencing guidelines. Brandon's motion will be denied because the change in the Guidelines does not affect his sentence.

**I**

The Anti-Drug Abuse Act of 1986 established severe penalties for the possession and distribution of crack cocaine. The disparity between the penalties for distributing crack cocaine and powder cocaine was dramatic: 100-to-1. As the Supreme Court observed, the Act "imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one-hundredth that amount of crack cocaine." *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012).

In 2010, Congress enacted the Fair Sentencing Act (FSA), Pub. L. No. 111–220, 124 Stat. 2372, which narrowed the disparity between sentences for crack cocaine offenders and

powder cocaine offenders. Instead of 100-to-1, it now stands at 18-to-1. In other words, the FSA imposes upon an offender who dealt in powder cocaine the same sentence it imposes upon an offender who dealt in one-eighteenth that amount of crack cocaine. The FSA took effect on August 3, 2010.

Among other things, the FSA reduced the statutory minimum sentences for crack cocaine offenses by increasing the quantity of crack cocaine necessary to trigger the minimums—raising the amount from 5 grams to 28 grams for the 5-year minimum sentence, and from 50 grams to 280 grams for the 10-year minimum sentence. *See* FSA § (2)(a). The FSA also directed the Sentencing Commission to conform the sentencing guidelines to the new statutory minimums "as soon as practicable, and in any event not later than 90 days" after the FSA's enactment. *Id*. § (8)(1). The Sentencing Commission then promulgated amendments to the guidelines, reducing the recommended sentencing ranges to levels consistent with the FSA, to be applied retroactively. *See* U.S. Sentencing Guidelines Manual App. C Amends. 750, 759 (2011).

The Sixth Circuit originally concluded that the FSA's new mandatory minimums did not affect the penalties associated with crimes committed before the statute's effective date. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). But with *Dorsey*, the Supreme Court established that "Congress intended the [FSA's] new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." 132 S. Ct. at 2335. Accordingly, the FSA's amended mandatory minimums only affect defendants sentenced after August 3, 2010.

But the new advisory guidelines, promulgated by the Sentencing Commission pursuant to the FSA, are different. As the Sentencing Commission established in Amendment 759, the altered guidelines "may be considered for retroactive application." U.S. Sentencing Guidelines

Manual App. C Amend. 759 (2011). Thus, the new guidelines may apply to alter a sentence imposed before August 3, 2010.

Title 18 U.S.C. § 3582 provides the mechanism for defendants, the government, and even the Court to move for reduced sentences based on the newly-promulgated guidelines. Indeed, § 3582(c)(2) establishes that a court may modify a term of imprisonment that has been imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Thus, upon a motion by either party, or even *sua sponte*, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

Accordingly, "when the sentencing judge relied on the sentencing guidelines and those guidelines are later made more lenient," a final sentence may be modified. *United States v. Hameed*, 614 F.3d 259, 262 (6th Cir. 2010). In such a situation, courts are to engage in a two-part inquiry to determine eligibility for a reduction: (1) whether the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) whether a reduction in the defendant's sentence would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2); *see also United States v. McClain*, 691 F.3d 774, 778–79 (6th Cir. 2012).

## II

On September 15, 2008, Brandon pleaded guilty to possession with intent to distribute at least 5 grams of cocaine base, 21 U.S.C. § 841(a)(1). A presentence report noted that Brandon had two prior controlled substances convictions—making him a career offender under U.S.

Sentencing Guidelines Manual § 4B1.1—and Brandon's offense level was enhanced from 25 to 34 (which took into account the three-level reduction for acceptance of responsibility). Because Brandon qualified as a career offender, his criminal history was set as category VI. Brandon's resulting guidelines range of imprisonment was 262 to 327 months. On December 23, 2008, this Court sentenced Brandon to 262 months' imprisonment. J. 2, ECF No. 37.

As noted above, in 2010 Congress enacted the FSA, which substantially reduced the mandatory minimums associated with crack cocaine offenders like Brandon. Subsequently, the Sentencing Commission amended the sentencing guidelines applicable to crack cocaine offenders. This was done twice. *See* U.S. Sentencing Guidelines Manual App. C Amend. 75) (2011) and U.S. Sentencing Guidelines Manual Supp. to App. C Amend. 782 (2014).

Brandon already moved for a reduction under the first guideline amendment, Amendment 750. That motion was denied because Brandon is properly classified as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1(b). At the time Brandon was originally sentenced, an individual with a "prior conviction for a felony drug offense" who was convicted of distributing cocaine base was subject to a term of imprisonment not "less than 10 years and not more than life imprisonment." *See* 21 U.S.C. § 841(b)(1)(B) (2009). And because his offense carried a possible life sentence, Brandon's offense level was increased from 25 to 34. *See* U.S. Sentencing Guidelines Manual § 4B1.1(b). Because Brandon was classified as a career offender under §4B1.1(b), Amendment 750 did not affect or reduce his sentence. *See United States v. Tillman*, 511 F. App'x 519, 521 (6th Cir. 2013) ("A defendant whose sentence is based upon the career offender sentencing guideline cannot benefit from Amendment 750 because that amendment did not lower the career offender sentencing guidelines range.").

The same applies for Amendment 782, the most recent Guidelines reduction. *See United States v. Steel*, 609 F. App'x 851, 856 (6th Cir. 2015) (holding that individual sentenced under career offender provision is not eligible for reduction under U.S.S.G. § 1B1.10). *See also United States v. Thomas*, 775 F.3d 982, 983 (8th Cir. 2014) ("[L]ike the earlier crack cocaine amendments, Amendment 782 amended § 2D1.1. It did not lower the sentencing range established for a career offender by § 4B1.1."). Because Brandon's sentence was controlled by his career offender status, not the drug table calculation guidelines, he is ineligible for a reduction. His motion will be denied.

### III

Accordingly, it is **ORDERED** that Brandon's motion for a sentence reduction, ECF No. 72, is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: October 20, 2015

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 20, 2015.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager