UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                               Case No. 07-cr-20551

v.                                           Honorable Thomas L. Ludington

CHARLES LEE BRANDON,

        Defendants.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO MODIFY SUPERVISED RELEASE CONDITIONS**

On September 15, 2008, Defendant Charles Lee Brandon pleaded guilty to a count of distribution of five or more grams of cocaine in violation of 21 U.S.C. § 841(a)(1). ECF No. 31. On December 22, 2008, Defendant was sentenced to 262 months of imprisonment and eight years of supervised release. ECF No. 37. On May 5, 2016, Defendant filed a motion to modify his supervised release conditions pursuant to 18 U.S.C. § 3583. ECF No. 76. Defendant requests that seven conditions be modified. On September 1, 2016, Defendant was granted clemency by President Obama. ECF No. 77. The grant of clemency commuted Defendant's term of imprisonment, but left intact Defendant's term of supervised release.

Pursuant to 18 U.S.C. § 3583(e),

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) ... modify ... the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision.

§ 3583(e)(2).

Section 3553(a)(1) directs the court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." Section 3553(a)(2)(B) addresses the need to adequately deter criminal conduct, while Section 3553(a)(2)(C) focuses on the need to protect the public from "further crimes of the defendant." Section 3553(a)(2)(D) directs the court to consider the need "to provide the defendant with needed educational or vocational training." "The court may also consider the kinds of sentence, the sentencing range established for the applicable category of offense, the applicable guidelines, policy statements, or amendments issued by the U.S. Sentencing Commission, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims." *United States v. Minor*, 440 F. App'x 479, 482 (6th Cir. 2011). Modification is permitted to respond to changed circumstnaces or to promote effective supervision.

*United States v. Neal*, 810 F.3d 512, 516–17 (7th Cir. 2016).

Defendant is challenging several conditions of his supervised release. First, he challenges the conditions which direct him to refrain from using or possessing alcohol or being on the premises of an establishment which serves alcohol, with the exception of restaurants, and from the excessive use of alcohol. He also challenges the condition directing him to participate in a drug treatment and testing program. At sentencing, the Court emphasized the Defendant's involvement in the drug trade. Sent. Tr. at 14–17, ECF No. 41. Further, both Defendant's counsel and counsel for the government requested that Defendant be placed in a drug treatment program. Contrary to Defendant's argument, his record does include evidence of substance abuse issues. Thus, the conditions related to alcohol and drug treatment were reasonably related to Defendant's rehabilitation. *See United States v. Maxwell*, 483 F. App'x 233, 240 (6th Cir. 2012).

Because Defendant has not shown any change in his circumstances since sentencing, the Court declines to modify his conditions.

Defendant also challenges several financial conditions of supervised release. Given Defendant's history of theft-related crimes, these conditions were appropriate. And because the circumstances which necessitated the conditions have not changed, the conditions will not be modified. Finally, Defendant challenges conditions requiring him to establish a plan to satisfy his child support arrearages and to obtain a GED. Defendant did not assert that his circumstances in regards to these conditions have changed since sentencing and has not offered any specific legal arguments that the conditions were improperly imposed. The conditions will not be modified.

Accordingly, it is **ORDERED** that Defendant's motion to modify conditions of supervised release, ECF No. 76, is **DENIED.**


Dated: September 21, 2016　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge


PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 21, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager