UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,          Case No. 07-cr-20551

v.          Honorable Thomas L. Ludington

CHARLES LEE BRANDON,

          Defendants.

_____/

**ORDER CONSTRUING LETTER AS MOTION FOR JUDICIAL REVIEW OF JAIL TIME COMPUTATIONS AND DENYING MOTION**

On October 10, 2016, Defendant Charles Lee Brandon sent the Court a letter requesting that his sentence be amended to properly credit time spent in custody prior to sentencing. ECF No. 81. In the letter, Defendant asserts that he attempted to resolve the issue through the Bureau of Prisons' administrative procedures but was unsuccessful. The Court ordered the Government to respond on November 1, 2016. ECF No. 82. The Government filed their response on November 21, 2016. ECF No. 85.

The computation of jail-time credit is, in the first instance, a matter for the Bureau of Prisons. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (explaining that jail-time credit computations are made by the Bureau of Prisons). Prisoners who wish to challenge that computation may utilize administrative procedures with the Bureau of Prisons. *Id.* After exhausting their administrative remedies, prisoners may seek judicial review of the computations. *Id. See also Broadwater v. Sanders*, 59 F. App'x 112, 113 (6th Cir. 2003).

Because Defendant has exhausted his administrative remedies, his letter will be construed as a request for judicial review of the Bureau of Prison's jail-time credit computations.

> A defendant can receive sentence credit for any time that he has been incarcerated prior to the commencement of his sentence if he was incarcerated "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."

*Id.* (quoting 18 U.S.C. § 3585(b)).

However, a defendant cannot receive a double credit for detention time. *Id.* When indicted, Defendant was in state custody pursuant to an unrelated state case. *See* ECF Nos. 13, 16, 17, 18. Further, Defendant was only transferred to federal custody prior to his sentencing because this Court issued an order and petition for a writ of habeas corpus ad prosequendum, which directed the State of Michigan to transfer Defendant into federal custody before court proceedings in the federal criminal prosecution against him. *See* ECF Nos. 16, 17, 18. If Defendant "received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his current federal sentence." *Broadwater*, 59 Fed. App'x at 1. When a prisoner has been transferred from state custody to federal custody pursuant to a writ of habeas corpus ad prosequendum, the prisoner is not entitled to credit on his federal sentence. *Cotton v. Stine*, No. CIV A 607-98-DCR, 2007 WL 1191368, at *5 (E.D. Ky. Apr. 20, 2007). *See also Huffman v. Perez*, 230 F.3d 1358 (6th Cir. 2000).

The prison records which the Government has attached to its response demonstrate that Brandon is not entitled to jail time credit for the time he spent in state custody or in federal custody pursuant to the writ of habeas corpus ad prosequendum. *See* ECF No. 85, Ex. A, B. Brandon was sentenced to serve time for a parole violation stemming from his original arrest on August 14, 2007. *See* Parole Violation Formal Hearing Summary, ECF No. 85, Ex. A. Because Brandon received credit towards that state parole violation when in pre-sentencing custody, he is not entitled to jail time credit on his federal sentence.

- 3 -

Accordingly, it is **ORDERED** that Defendant's motion for judicial review of the his jail-time credit computations will be **DENIED.**

Dated: November 22, 2016						s/Thomas L. Ludington
								THOMAS L. LUDINGTON
								United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 22, 2016.

					s/Michael A. Sian
					MICHAEL A. SIAN, Case Manager