UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                Case No. 07-cr-20551

v.                                               Honorable Thomas L. Ludington

CHARLES LEE BRANDON,

        Defendants.

_____/

**ORDER GRANTING MOTION TO REDUCE SENTENCE**

On September 15, 2008, Defendant Charles Lee Brandon pleaded guilty to one count of distribution of five or more grams of cocaine in violation of 21 U.S.C. § 841(a)(1). ECF No. 31. On December 22, 2008, Defendant was sentenced to 262 months of imprisonment and eight years of supervised release. ECF No. 37. On September 1, 2016, Defendant was granted clemency by President Obama. ECF No. 77. The grant of clemency commuted Defendant's term of imprisonment to 151 months of imprisonment but left intact Defendant's term of supervised release.

On April 24, 2019, Defendant filed a motion to reduce his sentence pursuant to the First Step Act of 2018. ECF No. 92. On May 23, 2019, Defendant filed a stipulation that, if accepted by the Court, would resolve the motion.[1] ECF No. 95.

**I.**

**A.**

---

[1] A few days prior, Defendant had filed an identical stipulation. ECF No. 94. The only difference between the two stipulations is that the later stipulation added the language "The parties agree that this stipulation resolves the issues raised in the pending First Step Act pleadings."

The Anti-Drug Abuse Act of 1986 established significant penalties for the possession and distribution of crack cocaine. The disparity between the penalties for distributing crack cocaine and powder cocaine was 100-to-1. As the Supreme Court observed, the Act "imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one-hundredth that amount of crack cocaine." *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012).

In 2010, Congress enacted the Fair Sentencing Act (FSA), Pub. L. No. 111–220, 124 Stat. 2372, which narrowed the disparity between sentences for crack cocaine offenders and powder cocaine offenders. Instead of 100-to-1, it now stands at 18-to-1. In other words, the FSA imposes upon an offender who dealt in powder cocaine the same sentence it imposes upon an offender who dealt in one-eighteenth that amount of crack cocaine. The FSA took effect on August 3, 2010.

Among other things, the FSA reduced the statutory minimum sentences for crack cocaine offenses by increasing the quantity of crack cocaine necessary to trigger the minimums—raising the amount from 5 grams to 28 grams for the 5-year minimum sentence, and from 50 grams to 280 grams for the 10-year minimum sentence. *See* FSA § (2)(a). The FSA also directed the Sentencing Commission to conform the sentencing guidelines to the new statutory minimums. *Id.* § (8)(1). The Sentencing Commission then promulgated amendments to the guidelines, reducing the recommended sentencing ranges to levels consistent with the FSA. *See* U.S. Sentencing Guidelines Manual App. C Amends. 750, 759 (2011).

The Sixth Circuit originally concluded that the FSA's new mandatory minimums did not affect the penalties associated with crimes committed before the statute's effective date. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). But with *Dorsey*, the Supreme Court established that "Congress intended the [FSA's] new, lower mandatory minimums to apply to the

post-Act sentencing of pre-Act offenders." 132 S. Ct. at 2335. Accordingly, the FSA's amended mandatory minimums only affected defendants sentenced after August 3, 2010.

On December 21, 2018, Congress passed the First Step Act of 2018. P.L. 115-391. The law permitted the retroactive application of the Fair Sentencing Act of 2010 and the associated guideline ranges. Section 404 of the First Step Act provides.

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

P.L. 115-391, Section 404.

**B.**

Defendant has been involved with the criminal justice system on an almost continuous basis since the age of 13. On September 15, 2008, Brandon pleaded guilty to possession with intent to distribute at least 5 grams of cocaine base, 21 U.S.C. § 841(a)(1). In the Presentence Report, the Probation Officer explained the incident leading to Defendant's current conviction as follows:

> It is stipulated in the Rule 11 Plea Agreement that BRANDON will be held responsible for between 35 and 50 grams of cocaine base. This is felt to be a

reasonable stipulation and will be the amount used for guideline calculations. This would result in a base offense level of 28.

The Presentence Report noted that Brandon had two prior controlled substances convictions—qualifying him as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1—and Brandon's offense level was enhanced from 25 to 34 (which took into account the three-level reduction for acceptance of responsibility). Because Brandon qualified as a career offender, his criminal history became category VI. Brandon's resulting guidelines range of imprisonment was 262 to 327 months. On December 23, 2008, this Court sentenced Brandon to 262 months' imprisonment. ECF No. 37.

As noted above, Congress enacted the FSA in 2010, which substantially reduced the mandatory minimums associated with crack cocaine offenders like Brandon. Subsequently, the Sentencing Commission amended the sentencing guidelines applicable to crack cocaine offenders. On May 28, 2013, Brandon filed a motion to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2) and its retroactive application of crack cocaine sentencing guidelines. ECF No. 69. The motion was denied because the change in the guidelines did not affect his sentence. The Court's opinion provided:

> Brandon is properly classified as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1(b). At the time [he] was originally sentenced, an individual with a "prior conviction for a felony drug offense" who was convicted of distributing cocaine base was subject to a term of imprisonment not "less than 10 years and not more than life imprisonment." See 21 U.S.C. § 841(b)(1)(B) (2009). And because his offense carried a possible life sentence, Brandon's offense level was increased from 25 to 34. *See* U.S. Sentencing Guidelines Manual § 4B1.1(b). Because Brandon was classified as a career offender under §4B1.1(b), Amendment 750 does not affect or reduce his sentence. See *United States v. Tillman*, 511 F. App'x 519, 521 (6th Cir. 2013) ("A defendant whose sentence is based upon the career offender sentencing guideline cannot benefit from Amendment 750 because that amendment did not lower the career offender sentencing guidelines range.").

ECF No. 71 at PageID.280.

On September 1, 2016, Defendant was granted clemency by President Obama. ECF No. 77. The grant of clemency commuted Defendant's term of imprisonment to 151 months of imprisonment, but left intact Defendant's term of supervised release. It provided

> I hereby further commute the total sentence of imprisonment imposed upon Charles Lee Brandon, Reg. No. 41876-039, to a term of 151 months' imprisonment, leaving intact and in effect the eight-year term of supervised release imposed by the court with all its conditions and all other components of the sentence.

*Id.* at 308.

The Parties agree that Defendant's current release date from the Bureau of Prisons is January 12, 2020. ECF No. 95 at PageID.405.

**II.**

Defendant's charge of distribution of cocaine falls within the purview of the Fair Sentencing Act because it increased the minimum sentencing guideline quantity of cocaine from 5 grams to 28 grams. P.L. 111-220. Due to the retroactive provision of the FSA, Defendant's guideline sentencing would decrease because he pleaded guilty to distribution of 5 grams or more of cocaine, "approximately 9.24 grams" but less than 28 grams, notwithstanding the Plea Agreement Stipulation addressing all relevant conduct that he would be held responsible for 52.16 grams falling between the 35 to 50 grams of cocaine base range.

On April 24, 3019, Defendant filed a motion to reduce his sentence pursuant to the First Step Act. ECF No. 92. He argued

> With the passage of the First Step Act, Mr. Brandon's mandatory minimum is reduced to 0-30 years based on the penalty enhancement under 21 USC 851, and calculating only the charged quantity of crack cocaine (5 grams). His Career Offender guidelines are now adjusted offense level 31 (base offense level 34 less 3 for acceptance) and criminal history VI, with a resulting guidelines range of 188-235 months. He seeks a sentence reduction.

ECF No. 92 at PageID.387.

On May 23, 2019, the Defendant and the Government filed a stipulation that if granted, would resolve the motion. ECF No. 95. The Parties stipulated to the following calculations.

| **Previous Statutory Penalties under 21 USC§ 841** | 10 years to life and 6 years supervised release (with 851 and Career Offender enhancements) | **New Statutory Penalties under 21 USC § 841** | 0-30 years and 6 years supervised release (with 851 and Career Offender enhancements) |
|---|---|---|---|

The Parties also stipulated that Defendant's previous and amended sentencing guideline range should be calculated as follows:

| **Previous Total Offense Level:** | 34 (career offender guidelines) | **New Total Offense Level:** | 31 (career offender guidelines) |
|---|---|---|---|
| **Previous Criminal History Category:** | VI | **New Criminal History Category:** | VI |
| **Previous Sentencing Guideline Range:** | 262-327 months | **New Sentencing Guideline Range:** | 188-235 months |

ECF No. 95 at PageID.404.

However, due to the President's commutation of Defendant's sentence to 151 months, Defendant's sentence is already below the First Step Act's new sentencing guideline range of 188-235 months. In the months since Congress passed the First Step Act, many district courts have encountered the issue of a petitioner who received a commuted sentence through executive action who subsequently sought reduction of their sentence pursuant to the First Step Act. These Courts have held that petitioners who received a presidential commutation may still be eligible for a sentence reduction under the First Step Act. *See United States v. Walker*, 2019 WL 1226856 at *2 (N.D. Ohio March 15, 2019) ("[T]he Courts finds that the First Step Act's relief applies to defendants with presidential commutations."); *United States v. Dodd*, 2019 WL 1529516 at *2 (S.D. Iowa April 6, 2019) ("As a change in the sentence under the First Step Act does not purport to modify the commuted term of Defendant's sentence, or modify a condition added by the executive clemency warrant, the existence of a grant of clemency does not foreclose relief under

the First Step Act."); *United States v. Biggs*, 2019 WL 2120226 at *2 (N.D. Ill. May 15, 2019) ("Congress exempted those who had obtained relief under the Fair Sentencing Act but not those who had obtained any other form of relief. Because Congress chose not to exempt commuted sentences, the court declines to read such an exemption into the statute."). Many of these district courts cite to *Nixon v. U.S.* in which the Supreme Court held that "the granting of a pardon is in no sense an overturning of a judgment of conviction by some other tribunal; it is '[a]n executive action that mitigates or sets aside *punishment* for a crime.'" *Nixon v. United States*, 506 U.S. 224, 232 (1993) (quoting *Black's Law Dictionary* 1113 (6th ed. 1990).

While the Court may not necessarily agree that Brandon is entitled to not only his clemency reduction to 151 months and in addition "a proportionate reduction to 79 months," under the First Step Act the issue is of little significance given Brandon's custodial time and his release date.

### III.

Accordingly, it is **ORDERED** that Brandon's motion to reduce sentence pursuant to the First Step Act, ECF No. 92, if **GRANTED** and the incarceration is reduced to **TIME SERVED**.

It is further **ORDERED** that Brandon's sentence of six years of supervised release remains **INTACT**.

It is further **ORDERED** that pursuant to the Parties' stipulation, Brandon's release will be **DELAYED 10 CALENDAR DAYS** from the date of this order to enable the Bureau of Prisons to adequately process Brandon's release.

Dated: August 30, 2019         s/Thomas L. Ludington
                               THOMAS L. LUDINGTON
                               United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Charles Lee Brandon** #41876-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 by first class U.S. mail on August 30, 2019.

                                        s/Kelly Winslow
                                        KELLY WINSLOW, Case Manager